**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

- against -

**MICHAEL VEGA,**

Defendant.

**19-cr-428-3 (JGK)**

**Memorandum**
**Opinion and Order**

---

**John G. Koeltl, District Judge:**

Michael Vega moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) based on alleged "extraordinary and compelling reasons" warranting early termination of his sentence. For the following reasons, the motion is **denied**.

## I.

Vega was originally sentenced on January 18, 2023, principally to 84 months' imprisonment pursuant to his guilty plea to a two-count information charging him with conspiracy to commit murder in violation of 18 U.S.C. § 371 and making materially false statements during an interview with the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001. ECF No. 134. Vega is currently in home confinement and alleges that his projected release date is April 20, 2027. ECF No. 171, at 1. Vega now moves for a reduction in his sentence based on allegedly extraordinary and compelling circumstances pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Id. Specifically, Vega argues that he has established extraordinary and compelling reasons based on the fact that his home confinement prevents him from accepting employment for which he is

qualified. He also complains that the Bureau of Prisons failed to calculate his release date correctly because it has failed to give him sufficient credit for various reductions in his sentence including reductions pursuant to the First Step Act.

## II.

18 U.S.C. § 3582(c)(1)(A)(i) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Previously, a court could grant a motion pursuant to § 3582(c)(1)(A) only upon a motion from the Director of the Bureau of Prisons. The amended statute now allows a defendant to make the motion, but only after exhausting his administrative remedies—that is, by first requesting a reduction from the

2

warden of the defendant's facility and waiting at least thirty days for a response.

The Court must then be satisfied that the defendant's application satisfies the extraordinary-and-compelling-reasons requirement as explained in policy statements issued by the Sentencing Commission. The Sentencing Commission's policy statement is contained in U.S.S.G. § 1B1.13. An earlier version of § 1B1.13 was found to be inapplicable to motions brought by defendants—rather than by the Director of the Bureau of Prisons—and thus was non-binding on district courts evaluating such motions. United States v. Brooker, 976 F.3d 228, 235–36 (2d Cir. 2020). However, through amendments effective as of November 1, 2023, the Sentencing Commission fixed the issue identified in Brooker and made it clear that § 1B1.13 now applies when district courts consider motions made by defendants. See, e.g., United States v. Azari, No. 19-cr-610, 2024 WL 4135001, at *2 (S.D.N.Y. Sep. 10, 2024); see also United States v. Laford, No. 11-cr-1032-07, 2024 WL 3778890, at *3 (S.D.N.Y. Aug. 12, 2024); United States v. Corbett, No. 10-cr-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023). In other words, the more expansive definition of "extraordinary and compelling reasons" as set forth in cases like Brooker no longer applies. After considering whether there are "extraordinary and compelling reasons" as explained in current § 1B1.13, the Court must then consider the relevant sentencing factors in § 3553(a).

3

## III.

Initially, it is unclear whether the administrative-exhaustion requirement under § 3582 applies to Vega, who is in home confinement and therefore cannot make a request that "the warden of [his] facility" bring a motion on his behalf. It is unnecessary, however, to resolve this issue because Vega has plainly failed to satisfy the requirements of extraordinary and compelling circumstances and has failed to show that his release is consistent with the applicable requirements of § 3553(a). His argument that his sentence should be released so that he can obtain employment is not similar to any of the specific grounds for compassionate release listed in the Guidelines. Moreover, the relevant § 3553(a) factors do not favor compassionate release. Vega committed horrific crimes—conspiracy to commit a murder and then lying about it to a federal agent. The Court carefully weighed all of the § 3553(a) factors at the time of sentencing and determined that a sentence of 84 months' imprisonment was sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). There is nothing in Vega's application that causes the Court to change that calculation.

To the extent that Vega argues that compassionate release is justified by the fact that the Bureau of Prisons has failed to calculate his release date correctly, his remedy would be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which requires an exhaustion of administrative remedies. United States v. Delacruz, No. 16-cr-262, 2022 WL 785073, at *1 (S.D.N.Y. Mar. 15, 2022) ("Any challenge to the computation of the defendant's sentence

4

must be brought in a habeas petition pursuant to 28 U.S.C. § 2241 in a court in the district in which the defendant is incarcerated, after the defendant has exhausted all administrative remedies."). Vega should present his claims to the Bureau of Prisons for the credit to which he claims to be entitled. Only after he has exhausted that remedy can he petition the Court to remedy any alleged error. See Chambers v. United States, 106 F.3d 472, 473 (2d Cir. 1997); Azor v. Griffin, No. 12-cv-5998, 2013 WL 3013880, at *9 (E.D.N.Y. June 18, 2013).

Accordingly, the motion for a reduction in sentence is **denied.**

**SO ORDERED.**

**Dated:**      **New York, New York**
             **May 21, 2026**

                                    John G. Koeltl
                                    **United States District Judge**

5